```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Robert Thomas

    v.                                    Civil No. 13-cv-259-LM
                                              Opinion No. 2017 DNH 102

Warden, Federal Correctional
Institution, Berlin, New Hampshire

## **O R D E R**

Before the court is petitioner Robert Thomas's "Emergency Motion to Vacate" (doc. no. 59) this court's February 15, 2015, Order (doc. no. 44) denying Thomas's 28 U.S.C. § 2241 habeas petition. The respondent filed an objection (doc. no. 60) and Thomas filed a reply (doc. no. 63) to the objection.

### **Background**

Thomas, a federal prisoner housed at the Federal Correctional Institution in Berlin, New Hampshire, petitioned this court for a writ of habeas corpus in 2013. <u>See</u> Doc. No. 1. In his petition, Thomas asserted that the Bureau of Prisons had erroneously failed to credit, against his federal sentence, more than seven years he served in state prison in Illinois pursuant to a state court criminal conviction.

The respondent moved to dismiss the petition, on the basis that it was an abuse of the writ, as the claims Thomas asserted

therein had already been litigated and decided in a § 2241 action Thomas had previously brought in the Northern District of West Virginia ("NDWV") in 2009, in which Thomas had been denied relief.  See Thomas v. Deboo, No. 2:09cv134, 2010 U.S. Dist. LEXIS 34603, at *2, 2010 WL 1440693, at *1 (N.D.W. Va. Apr. 8, 2010) (accepting R. & R., 2010 U.S. Dist. LEXIS 34781, 2010 WL 1440465 (N.D.W. Va. Mar. 5, 2010)), aff'd, 403 F. App'x 843 (4th Cir. 2010) (per curiam).  This court appointed counsel for Thomas, and after accepting briefing and oral argument on the motion to dismiss, issued an Order (doc. no. 44) on February 5, 2015, granting the respondent's motion to dismiss (doc. no. 21) and denying Thomas's petition.  The court subsequently denied Thomas's motion to reconsider that Order.  See Doc. No. 51.

Thomas appealed this court's denial of his petition to the First Circuit Court of Appeals.  See Doc. No. 46.  The First Circuit affirmed the denial of the petition.  See Thomas v. Schult, No. 15-1186 (1st Cir. Oct. 27, 2016) (doc. no. 57).

Thomas has now filed a motion (doc. no. 59) asking the court to vacate its February 5, 2015 Order.  The respondent objects.  The court construes the motion to vacate (doc. no. 59), supplemented by the factual assertions and argument in Thomas's motion for court-appointed counsel (doc. no. 61),[1] and

---

[1]The request for counsel was denied on May 24, 2017.

2

in his reply (doc. no. 63) to the respondent's objection, as a motion for relief from judgment filed pursuant to Rule 60(b). The court addresses Thomas's arguments below.

**Discussion**

I.  Applicable Legal Standard

"A movant seeking relief from a judgment under Rule 60(b) must make a threshold showing of 'timeliness, a meritorious claim or defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" Danielson v. Human, No. 16-2125, 2017 U.S. App. LEXIS 2429, at *1, 2017 WL 544587, at *1 (4th Cir. Feb. 10, 2017) (citation omitted); Bouret-Echevarría v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 46 (1st Cir. 2015).  A party "must give the trial court reason to believe that vacating the judgment will not be an empty exercise. . . . [M]otions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense." Bouret-Echevarría, 784 F.3d at 46 (internal quotation marks and citations omitted).  Rule 60(b) motions "are 'committed to the court's sound discretion.'" Dávila-Álvarez v. Escuela de Medicina Universidad C. del Caribe, 257 F.3d 58, 63 (1st Cir. 2010) (citation omitted).

II. Rule 60(b)(1) & (2)

Motions seeking relief under Rule 60(b)(1) (based on "excusable neglect"), or Rule 60(b)(2) (based on "newly discovered evidence") must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Thomas seeks to vacate the Order and Judgment entered on February 5, 2015. The one-year limitations period expired on February 5, 2016. See Rosaura Bldg. Corp. v. Mun'y of Mayaguez, 778 F.3d 55, 64 (1st Cir. 2015); Gillis v. Chase, No. 1:16-cv-11451-ADB, 2017 U.S. Dist. LEXIS 63914, at *7, 2017 WL 1535082, at *3 (D. Mass. Apr. 27, 2017), appeal filed, No. 17-1533 (1st Cir. May 24, 2017). Petitioner filed his Rule 60(b) motion in 2017, more than a year after the limitations period expired. His claims asserted under Rules 60(b)(1) and (2) are therefore time-barred.

III. Rule 60(b)(6)

> Rule [60(b)]'s catchall category, subdivision (b)(6), . . . permits a court to reopen a judgment for "any other reason that justifies relief." Rule 60(b) vests wide discretion in courts, but . . . relief under Rule 60(b)(6) is available only in "extraordinary circumstances." In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process."

Buck v. Davis, 137 S. Ct. 759, 777–78 (2017) (citations omitted).

Thomas claims that his motion brings to the court's attention new evidence warranting relief from judgment. What Thomas identifies here as "new evidence" is a quote from a 1990 Third Circuit case, Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990). Thomas asserts that the Barden quote was not known to Thomas, the respondent, the NDWV, or this court, when Thomas's NDWV case and this action were litigated and decided.

The 1990 legal decision is not new evidence. Thomas cited Barden in his filings in the NDWV, see Deboo, No. 2:09-cv-00134-REM-DJJ (N.D.W. Va.) (ECF No. 15, at 6-7), and in his initial petition in this case, see Pet. (doc. no. 1, at 12). The NDWV cited Barden in support of its decision, see Deboo, 2010 U.S. Dist. LEXIS 34781, at *12, 2010 WL 1440465, at *5, and this court reviewed that decision prior to denying Thomas's petition here. Thomas has not pointed to any new evidence or information that warrants vacating the judgment in this case.

Thomas's motion here consists of the same legal arguments he has already asserted and litigated in this case. Thomas neither identifies any material change in the law since this court issued its order (and the court is aware of none), nor points to any legal theory that was not already considered by the court. Thomas has not identified any meritorious claim he

could raise in this matter.  See Bouret-Echevarría, 784 F.3d at 46.  Further, Thomas has not demonstrated that injustice will result if his motion is denied.  See Buck, 137 S. Ct. at 777-78.  Accordingly, the motion to vacate (doc. no. 59) is denied.

## Conclusion

For the foregoing reasons, the petitioner's motion to vacate judgment (doc. no. 59) is DENIED.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

June 5, 2017

cc: Robert Thomas, pro se
    Seth R. Aframe, Esq.