## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Robert Thomas

     v.                                           Civil No. 13-cv-259-LM
                                                   Opinion No. 2022 DNH 042 P

Warden, Federal Correctional
Institution, Berlin, New Hampshire

## O R D E R

Petitioner Robert Thomas is a federal prisoner currently incarcerated at the Federal Correctional Institution in Berlin, New Hampshire. Before the court is Thomas's motion (doc. no. 137) for relief from the judgment of dismissal in this case. In his motion, Thomas asserts that new evidence he has submitted to the court warrants reopening this case and considering the merits of his claims. The allegedly new evidence includes, among other things, a federal Bureau of Prisons ("BOP") data sheet showing that in April 2021 the BOP updated Thomas's sentence calculation; two affidavits by the attorney who represented Thomas at his state-court sentencing in 2001; an affidavit by the attorney who represented Thomas at his state-court resentencing in 2008; and a declaration by a BOP Management Analyst involved in computing sentences. The court now issues a briefing schedule directing the parties to fully brief the issues. The court also highlights certain issues which the court determines require further exploration.

# PROCEDURAL HISTORY[1]

I.    <u>Thomas's State and Federal Sentences</u>

Thomas was arrested in Illinois on state armed robbery charges on October 1, 2000.  He was detained pretrial at the Cook County Jail in Chicago.

On March 21, 2001, Thomas was "borrowed" by the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum[2] and detained at a federal detention facility to answer federal drug charges (unrelated to the state charges).  Doc. no. 129-1 at 10;  <u>see</u> <u>United States v. Thomas</u>, No. 1:01-cr-00003-9 (N.D. Ill.).  On September 14, 2001, the federal court sentenced Thomas to 360 months of imprisonment on his federal charges.  <u>See</u> <u>id.</u> (ECF No. 243).[3]  Thomas was then returned to the Cook County Jail to await the resolution of his state charges.

Thomas asserts that on October 19, 2001, he pleaded guilty to 13 state offenses (related to the armed robbery) in the Cook County Circuit Court.  That

---

[1] This is not an exhaustive review of Thomas's post-conviction litigation.  The proceedings described and discussed in this order are those relevant to the issues presently before the court.

[2] A writ of habeas corpus ad prosequendum "is 'issued directly by a court of the jurisdiction where an indictment, information, or complaint has been lodged against the prisoner.'  It operates as 'a court order requesting the prisoner's appearance to answer charges in the summoning jurisdiction.'"  <u>United States v. Kelly</u>, 661 F.3d 682, 686 (1st Cir. 2011) (citations omitted).

[3] Thomas's sentence was later reduced to 324 months pursuant to a United States Sentencing Guidelines Drug Quantity Decision issued November 1, 2014.  <u>See</u> Mar. 12, 2021 BOP Sentencing Monitoring Computation Data sheet (doc. no. 121 at 11).

court then sentenced Thomas to concurrent 20-year prison terms on those charges.

See People v. Thomas, Nos. 00 CR 26615 et al., (Ill. 1st Jud. Dist., Cook Cnty. Cir.

Ct.) (doc. no. 1-1 at 1).  After confirming that the 20-year sentence was agreed to by

the parties, the court ordered "Robert Thomas [] to serve his incarceration in the

above-captioned matters in the facility set forth by the United States Bureau of

Prisons concurrent with his federal case."  Oct. 19, 2019, Sentencing Hr'g Tr.

(excerpt), State Criminal Case (doc. no. 1-1 at 24-26).

At the time of Thomas's state-court sentencing, the State and Thomas had

entered into an agreement as to the length of his sentence, and further agreed that

his state sentence would run concurrently with his federal sentence and would be

served in a BOP facility.  Attorney Thomas Maroney represented Thomas at the

October 19, 2001 sentencing hearing.  In an affidavit Thomas filed in this court,

Attorney Maroney asserted that at the time of Thomas's state-court sentencing, the

terms of Thomas's state sentence, including the portions related to his federal

sentence, "had been approved by Assistant United States Attorney Theodore

Chung."  May 1, 2006 Aff. of Thomas J. Maroney ("Maroney Aff. I") (doc. no. 76-1).

In a second affidavit, Attorney Maroney stated:

> An agreement was reached between the parties being the PEOPLE OF
> THE STATE OF ILLINOIS and ROBERT THOMAS wherein he was to
> be sentenced to a total of twenty (20) years in the Illinois Department
> of Corrections  by the Honorable Judge Camille Willis.  This time was
> to be served concurrently with the thirty (30) years in the federal
> penitentiary ([BOP]) to which ROBERT THOMAS had already been
> sentenced.  The PEOPLE OF THE STATE OF ILLINOIS also agreed
> to release the said ROBERT THOMAS to the federal prison system so
> that he may do his entire incarceration term within the [BOP].  There

had been an agreement to this proviso with the consent of the
Assistant United States Attorney, Theodore Chung.

Aff. of Thomas J. Maroney ("Maroney Aff. II") (doc. no. 87-1).  Accordingly, at the

time he entered his guilty pleas, there is evidence that Thomas believed that the

State of Illinois, by agreeing to the terms of the sentence imposed, and for purposes

of facilitating the execution of those terms, had waived and relinquished its primary

jurisdiction over him to the federal government.[4]

 After his state-court sentencing, Thomas remained in an Illinois Department

of Corrections ("Illinois DOC") facility until November 5, 2001, when the United

States Marshals Service assumed custody of Thomas and transported him to a

federal facility, without having first obtained the appropriate writ.  Shortly

thereafter, the Illinois DOC lodged a detainer with the BOP, to ensure that if

released prior to the expiration of his state sentence, Thomas would be returned to

the Illinois DOC to complete his state sentence.  See Jan. 31, 2002 Illinois DOC

Detainer (doc. no. 1-1 at 6).

On April 11, 2002, BOP authorities returned Thomas to the Illinois DOC to

finish serving his state sentence, characterizing Thomas's November 5, 2001

transfer to federal custody as a mistake, based on the BOP's determination that

Illinois had not waived its primary jurisdiction over Thomas.  See Dec. 23, 2009

Decl. of Patricia Kitka ("Kitka Decl.") (doc. no. 129-1 at 10).  Once he was returned

---

[4] The State of Illinois obtained primary jurisdiction over Thomas by virtue of
having arrested him on state charges prior to his arrest on federal charges.

to the Illinois DOC, Thomas requested that the Illinois DOC execute his state

sentence in a manner that would allow him to serve his federal and state sentences

concurrently.  On or after August 29, 2002, Thomas received the following

correspondence from an Illinois DOC official:

> This is in response to your correspondence received August 19, 2002, in which you requested to be paroled back to the Federal System so you can start your Federal Sentence.  This request was reviewed by the Chief Records Office Supervisor and the Department of Corrections Legal Department, and it was determined that you should serve your Illinois sentence first.

Dec. 24, 2002 Pet., Ex. 4 (ECF No. 1, at 11), <u>United States ex. rel. Thomas v. Ill.</u>

<u>Dep't of Corr.</u>, No. 02 C 9422 (N.D. Ill.).  In 2002, Thomas filed a petition for a writ

of habeas corpus under 28 U.S.C. § 2254 in the Northern District of Illinois.  In its

order denying the § 2254 petition, the Illinois federal court stated:

> Robert Earl Thomas brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 26, 2001, Thomas was convicted of one count of armed robbery and sentenced to 20 years.  The judge agreed with the state's attorney and the public defender that if Thomas pleaded to the charge, his sentence would run concurrent with his federal sentence and he would be released to federal officials to serve his time.  It appears from the exhibits Thomas attached to his petition that he was sent to a federal prison in Louisiana.  However, federal authorities were upset by the state judge's language on the mittimus "Defendant to serve sentence in Federal penitentiary" and returned Thomas to the [Illinois DOC].  The judge corrected the mittimus on August 8, 2002, by striking the phrase "Defendant to serve sentence in Federal penitentiary." . . .  Thomas then asked the [Illinois] DOC to parole him back to the federal system so he could start his federal sentence.  After review, it was determined that Thomas should serve his Illinois sentence first. . . . Thomas seeks to have his state sentence set aside and to be released to the [BOP] and to get credit for the time he spent in the state system . . . .

Feb. 26, 2003 Order, id. (ECF No. 6).  The court denied Thomas's § 2254 petition, stating:

> It appears from the documentation that Thomas's sentences are being served concurrently.  It appears that the thrust of Thomas's petition is his dismay that he is serving his sentences in the [Illinois] DOC rather than in the BOP . . .  Because Thomas has no constitutional right to serve his sentences in a particular facility or a constitutional right to choose federal custody rather than state custody, there is no basis for his petition.

Id.[5]

Unable to obtain the relief he was seeking from either the BOP, the Illinois DOC, or the Northern District of Illinois, Thomas filed a motion for post-judgment relief in his state criminal cases in Illinois state court.  On November 18, 2008, by agreement of the parties, the state court vacated all thirteen convictions and sentences imposed in October 2001.  The same day, Thomas again pleaded guilty to those offenses, and the court resentenced him to eleven ten-year sentences and two fifteen-year sentences, all to run concurrently with each other, and with his federal sentence.  The court granted Thomas 2,962 days credit for the time he had spent in custody since October 1, 2001.  The following day, November 19, 2008, Illinois paroled Thomas from his state sentence.  He was then returned to federal custody to serve his federal sentence.

---

[5] It appears the documentation to which the Illinois federal court refers in its order was correspondence between Assistant Cook County Public Defender Chris Anderson and Thomas regarding information Attorney Anderson received from the United States Marshals Service concerning the wording of Thomas's state sentence. See Dec. 24, 2002 Pet., Ex. 2, United States ex. rel. Thomas v. Ill. Dep't of Corr., No. 02 C 9422 (N.D. Ill.) (ECF No. 1, at 9-10).

Once Thomas was returned to federal custody, the BOP deemed his sentence to have commenced on November 19, 2008, and declined to give him credit against his federal sentence for any of the time that he had been incarcerated since his federal sentencing hearing. The statute outlining credit for prior custody, 18 U.S.C. § 3585(b), states in pertinent part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

In the BOP's view, all the time Thomas had served until November 19, 2008 had been credited toward his state sentence.

## II.   28 U.S.C. § 2241 Proceedings

### A.   Northern District of West Virginia

On November 13, 2009, while incarcerated at the Federal Correctional Institution in Gilmer, West Virginia, Thomas filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 in the Northern District of West Virginia, challenging the BOP's calculation of his sentence and refusal to credit his time in Illinois DOC custody against his federal sentence, or to grant him a nunc pro tunc designation. See Nov. 13, 2009 Pet. (ECF No. 1), Thomas v. Deboo, No. 2:09cv134 (ECF No. 1). Specifically, Thomas alleged that the State of Illinois had waived and relinquished primary jurisdiction over him at the time of his state-court sentencing,

and that, therefore, his designation to a federal facility in 2001 was not a mistake. He further argued that his return to the Illinois DOC in 2002 was erroneous, and resulted in his not receiving credit against his federal sentence for time he had served prior to his November 19, 2008 return to federal custody. Finally, Thomas argued that he was improperly made to serve his federal sentence in installments. See id.

On April 8, 2010, the Northern District of West Virginia granted the respondent's motion to dismiss or, in the alternative, for summary judgment, and denied Thomas's habeas petition. See Thomas v. Deboo, No. 2:09cv134, 2010 U.S. Dist. LEXIS 34603, at *2, 2010 WL 1440693, at *1 (N.D.W. Va. Apr. 8, 2010), aff'd, 403 F. App'x 843 (4th Cir. Nov. 30, 2010) (per curiam). In its order, the court explicitly found that whatever the intention of the parties and court at the time of Thomas's state-court sentencing, the State of Illinois did not expressly or affirmatively waive its primary jurisdiction over Thomas at any time until it paroled Thomas from his state sentence in November 2008. The court dismissed Thomas's petition. See id.


B.    District of New Hampshire

In 2013, Thomas filed this action, asserting the same claims raised in his 2009 habeas petition in federal court in West Virginia and in his administrative grievances to the BOP. Specifically, Thomas alleged that the BOP abused its discretion, and violated his due process rights, by failing to recalculate his sentence

to give him credit for the time he served in the Illinois DOC, and failing to grant him a nunc pro tunc designation to the Illinois DOC.

Thomas also argued that his federal sentence should have commenced when federal officials took him into custody without the appropriate writ on November 5, 2001, and ran until he was returned to the Illinois DOC on April 11, 2002, and he has thus been forced to serve his sentence in installments, in violation of "a common law rule against 'installment punishment' that prohibits federal officials from delaying the expiration of a sentence either by delaying commencement or by releasing a prisoner and then reimprisoning him." Commodore v. Walton, No. 13-444-CJP, 2014 U.S. Dist. LEXIS 4575, at *13-*14, 2014 WL 128299, at *5 (S.D. Ill. Jan. 14, 2014).

This court granted the respondent's motion to dismiss Thomas's habeas petition on the basis that Thomas's filing of this case constituted an abuse of the writ. See Feb. 5, 2015 Order (doc. no. 44); see also Mar. 18, 2015 Order (doc. no. 51) (denying Thomas's motion to reconsider the February 5, 2015 Order). The First Circuit affirmed the dismissal of the case but found that the § 2241 petition was "'successive' rather than abusive," "[b]ecause the claims presented in Thomas's 2013 habeas petition had already been presented in his 2009 petition and denied on the merits by a West Virginia District Court." Thomas v. Schult, No. 15-1186 (1st Cir. Oct. 27, 2016) (doc. no. 57).

Since Thomas's case was dismissed, he has filed numerous post-judgment motions seeking to vacate the dismissal of this matter and have the court enter

judgment in his favor on the merits of his claims.  The court addresses a number of those motions in a separate order also issued on today's date.

## BRIEFING SCHEDULE

Thomas has filed a Rule 60(b) motion for relief from the judgment of dismissal in this case based on newly discovered evidence (doc. no. 137).  In a separate order issued today, the court has construed the factual and legal assertions in document numbers 123-125, 127-130, 132-136, 139, and 140, to be addenda to that motion.  Accordingly, those documents will be considered, together, to be Thomas's Rule 60(b) motion for all purposes.  Given that these filings reference various documents which Thomas alleges constitute "newly discovered evidence" under Rule 60(b), the court directs Thomas to file an amended motion by April 25, 2022, listing exactly what documents he alleges are "newly discovered."  For each document, Thomas should allege why he did not have—and could not have had—access to it within 28 days after the Northern District of West Virginia dismissed his § 2241 petition.  See Fed. R. Civ. P. 60(b)(2) ("newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)").  The court directs the respondent to file an objection or other response to Thomas's Rule 60(b) motion by May 23, 2022.  Thomas may file a reply to the respondent's objection by June 27, 2022.  The respondent may file a surreply by July 11, 2022.

If any party seeks to extend any deadline established by this order, that party must file a motion no later than the date of the deadline sought to be extended, demonstrating good cause for the request. As Thomas has already set forth extensive argument in his Rule 60(b) documents, he should not repeat arguments which are already before the court but should limit his filing to respond to the facts and arguments asserted in the respondent's objection and to the issues identified by the court in this order.

In this order, the court highlights certain issues which the parties should address in their briefings. The parties may, however, include additional issues beyond what the court outlines here. Additionally, if either party takes issue with the facts the court has related in this order, they should raise those issues in their briefings.

## ISSUES TO BE BRIEFED

### I.  Standard of Review

In their briefs, the parties should be mindful of the pertinent standard of review applicable to Thomas's Rule 60(b) motion. To succeed on a motion for relief from judgment under Rule 60(b), a movant must do "more than merely cast[] doubt on the correctness of the underlying judgment." Fisher v. Kadant, Inc., 589 F.3d 505, 512–13 (1st Cir. 2009).

> Rule 60(b) relief is "extraordinary in nature" and, thus, "motions invoking that rule should be granted sparingly." A party seeking relief under Rule 60(b) must demonstrate "at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring

> extraordinary relief; that if the judgment is set aside, he has the right
> stuff to mount a potentially meritorious claim or defense; and that no
> unfair prejudice will accrue to the opposing parties should the motion
> be granted."

Id.

In addition to meeting the Rule 60(b) standard, Thomas must demonstrate

that he can overcome the successive petition bar. "[A] successive § 2241 petition is

subject to dismissal for abuse of the writ when the same legal claims addressed in a

prior petition are presented again." Ortiz-Lopez v. Fed. Bureau of Prisons, Dir., 830

F. App'x 127, 131 (5th Cir. 2020). "Additionally, a second petition that raises a

claim that could have been raised in a first petition may be deemed an abuse of the

writ unless the petitioner can show cause and prejudice for his failure to raise the

claim earlier." Id. (citing McClesky v. Zant, 499 U.S. 467, 493-95 (1991)). The court

can, however, consider the merits of a claim raised in a previous habeas petition if

the failure to raise the claim at the time of the previous habeas proceeding was

caused by the unavailability of the legal or factual basis for the claim, where

petitioner can show "actual prejudice resulting from the errors of which he

complains," or that a "fundamental miscarriage of justice would result from a

failure to entertain the claim," McCleskey, 499 U.S. at 494-95.


II.   Relinquishment/Waiver of Primary Jurisdiction

This court has not yet considered the merits of Thomas's claim that Illinois

waived or relinquished its primary jurisdiction over him when they released him to

the United States Marshals Service on November 5, 2001, without the appropriate

writ.  The federal court in West Virginia found that Illinois did not relinquish primary jurisdiction over Thomas because "the state did not expressly relinquish[] primary jurisdiction of the petition[er] until November 19, 2008, when he was paroled from his state sentence.  Prior to that date, there had been no release to parole, grant of bail, dismissal of the charges or any written waiver of primary jurisdiction."  Thomas v. Deboo, No. 2:09cv134, 2010 WL 1440465, at *4 (N.D.W. Va. Mar. 8, 2010).  While the West Virginia federal court found that Illinois did not relinquish its primary jurisdiction at that time, Thomas has provided additional evidence to this court which may suggest otherwise.

Specifically, Thomas has provided affidavits from Attorney Maroney stating that the State of Illinois agreed to release Thomas to federal authorities so he could commence his federal sentence before his state sentence was discharged.  See Maroney Aff. II.  Thomas has also provided an email written by Torrie Corbin, a Cook County State's Attorney's Office supervisor, in which she confirms that the sentence, as set forth in the Cook County court's October 19, 2001 sentencing order (doc. no. 1-1, 1), "accurately reflects the agreement of the parties and the intentions of court as it relates to Mr. Thomas's sentence."  Torrie Corbin Email (doc. no. 95-1 at 9).

Thomas also urges the court to apply the standard and reasoning in Pope v. Perdue, 889 F.3d 410 (7th Cir. 2018) to his primary jurisdiction claims.  Pope sets forth a different standard for evaluating whether primary jurisdiction has been relinquished than that applied by the Northern District of West Virginia in

dismissing Thomas's first habeas petition.  In <u>Pope</u>, the Seventh Circuit states, with

regard to the relinquishment of primary jurisdiction:

> Because the decision to relinquish primary custody rests solely with
> the sovereign exercising priority, we look to the intent of that sovereign
> to determine if it has relinquished primary custody through a transfer.
> In the absence of evidence that the transferring sovereign intended to
> maintain custody, we presume that the sovereign intended to
> relinquish it.

<u>Id.</u> at 415-16.

In their briefs, the parties should address whether the court should consider

the merits of Thomas's primary jurisdiction claim or find that the claim fails to

warrant reopening of this matter.  Further, the parties should address whether, if

the court were to consider the primary jurisdiction claim on its merits, what

standard should apply and what facts in the record support that party's position.

Additionally, the parties should identify facts in the record to support their

positions.

III.   <u>Installment Sentences</u>

Thomas claims that he has been improperly forced to serve his federal

sentence in installments.  In their briefs, the parties should address whether the

court should consider the merits of Thomas's installment sentence claim or should

find that the claim does not warrant reopening of this matter.  Further, the parties

should address the merits of the installment sentence claim in the event the court

decides to consider the merits of the claim.  The parties should identify facts in the

record support their positions.

IV.     BOP's 2021 Grant of 178 Days of Jail Credit

Thomas has submitted Sentence Monitoring Computation Data sheets prepared by the BOP, indicating that on April 6, 2021, the BOP updated Thomas's sentence calculation to grant him 178 days of jail credit for the time he was incarcerated in the Illinois DOC between May 25, 2008 and November 18, 2008, on the basis that that jail credit was for "over served time in state [prison]."  Doc. no. 129, at 5.  The record does not make clear how the BOP arrived at the conclusion that Thomas had "over served" his state sentence.  Instead, the record indicates that Thomas served approximately eight years of a fifteen-year sentence, and was then paroled from that sentence on November 19, 2008.  Further, the BOP has consistently told Thomas that he would not receive credit for any of the time he spent in state custody, because all of that time was credited to his state sentence. See, e.g., Kitka Decl. (doc. no. 129-1 at 11) (stating that the BOP did not grant Thomas any prior custody credit because the Illinois DOC gave him credit toward his state sentence from the date of his arrest until the date he was paroled to his federal sentence).

The parties should attempt to identify the basis for the April 2021 grant of jail credit to Thomas.  Additionally, the parties should identify any specific dates during Thomas's incarceration, prior to November 19, 2008, not previously credited toward his state sentence.  The parties should then brief what, if any, impact the credit of 178 days, and the reasons the BOP granted Thomas that credit, has on the

claims in this case.  The parties should identify facts in the record that support
their positions.

V.       Whether the BOP is Bound by AUSA Chung's Actions

       Thomas has filed a document indicating that Assistant United States
Attorney ("AUSA") Chung, who prosecuted Thomas on his federal offenses, agreed
and consented to Thomas's state sentence, including the terms of that sentence
directing that Thomas serve his state sentence concurrently with his federal
sentence, at a federal facility.  See Maroney Aff. II (doc. no. 87-1).  The record,
however, is not clear as to whether AUSA Chung actually entered into a potentially
enforceable agreement with Thomas to allow his state sentence to run concurrently
and to allow Thomas to serve his sentence in a federal facility, upon which Thomas
relied in deciding to plead guilty in state court.

       "As a general rule, fundamental fairness means that the courts will enforce
promises made during the plea bargaining process that induce a criminal defendant
to waive his constitutional rights and plead guilty."  Staten v. Neal, 880 F.2d 962,
963 (7th Cir. 1989) (citing Santobello v. New York, 404 U.S. 257, 262 (1971)).
Courts have found that the BOP is bound by the promises made by a federal
prosecutor in a plea agreement.  See United States v. Riley, No. 08-81-DCR, 2013
U.S. Dist. LEXIS 51441, at *21 n.6, 2013 WL 1332450, at *7 n.6 (E.D. Ky. Mar. 11,
2013); United States v. Flowers, 934 F. Supp. 853, 855-56 (E.D. Mich. 1996)), R&R

approved, 2013 U.S. Dist. LEXIS 45445, at *40-*41, 2013 WL 1320769, at *13 (E.D. Ky. Mar. 29, 2013).

In their briefs, the parties should address whether the court should consider this issue on its merits or should find that the claim does not warrant reopening this matter.  Further, the parties should address the merits of the issue, in the event the court decides to consider the merits of the claim.  The parties should identify facts in the record that support their positions.

**CONCLUSION**

For the foregoing reasons, the parties are directed to submit briefing to the court in accordance with this order, as follows:

- Thomas shall file an amended motion by **April 25, 2022**.  The amended motion shall identify specifically all the documents Thomas asserts are "newly discovered evidence" under Federal Rule of Civil Procedure 60(b). Further, for each document that Thomas alleges is "newly discovered," Thomas should allege why he did not have—and could not have had—access to it within 28 days after the Northern District of West Virginia dismissed his § 2241 petition.  See Fed. R. Civ. P. 60(b)(2) ("newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)").

- the respondent shall file his objection or other response to the Rule 60(b) motion (doc. no. 137) by **May 23, 2022**.

- Thomas may file his reply to that objection by **June 27, 2022**.

- the respondent may then surreply by **July 11, 2022**.

The parties may seek extensions to these deadlines in a motion filed by the deadline of which extension is sought, demonstrating good cause for the request.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 30, 2022

cc:    Robert Thomas, pro se
       Seth R. Aframe, Esq.